## FRANK M. CARRYL v. JAMES J. GOLDEN.

### Contracts—For Sale of Land—Sale Through Third Party— Unusual Agreements.

On appeal from the Second District Court of Newark.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff-respondent, *Smith & Slingerland*.

For the defendant-appellant, *Porter, Zink & Lafferty*.

PER CURIAM.

This is a suit to recover $500 deposited with defendant by plaintiff, under a contract bristling with luminous possibili-

ties of hope deferred, and fear portending, which recited that defendant had agreed to sell his house and lot to Bessie Wiltenbert for $6,000; and she had contracted with plaintiff to sell it to him for $6,500; and that Wiltenbert was a mere dummy for Pinnas & Pinnas, agents for the sale; that the real fact was that defendant had agreed to sell directly to plaintiff for $6,000 if he would deposit with defendant $500 to indemnify him against any possible claim by Wiltenbert.

After this recital the parties therein agreed—(1) in case of any litigation by Wiltenbert against defendant, if Wiltenbert should be successful, defendant would return the $500, less "costs of suit," or the sum paid in settlement and less commissions defendant should be compelled to pay Pinnas & Pinnas; (2) that if defendant should be unsuccessful in the litigation, the $500 should be used to pay any judgment recovered against defendant, the plaintiff to pay one-half the costs; (3) if Wiltenbert made no claim in twelve months the $500 was to be repaid to the plaintiff. More than a year elapsed before this suit was brought, but during that year both Wiltenbert and Pinnas, not forgetting the possibilities, brought suit against defendant, which resulted in each case in a voluntary nonsuit, since which futile endeavor no other suit has been instituted by either. The plaintiff has a judgment in this suit and the defendant appeals. The defendant argues that having brought suits within the year, the claim was made within the year, and that it still exists, notwithstanding the nonsuits, and, therefore, plaintiff cannot recover.

We do not agree with this notion. We think that when Wiltenbert and Pinnas voluntarily submitted to nonsuits, upon their respective claims, such claims were withdrawn and no longer existed, after the expiration of the year, as a defence to the defendant. To hold otherwise would permit the defendant to hold plaintiff's deposit for at least six years.

It is also argued that "counsel fees" are part of "costs of suit" under the contract. Counsel fee was paid by defendant in resisting the Wiltenbert suit, but such fees, unless allowed

by statute, are no part of the costs of suit. *Brittan* v. *Blake,* 36 *N. J. L.* 442.'

Whatever moral claim the defendant may possess for this reimbursement, of course, cannot be maintained here, since its payment was not provided for in the contract.

The judgment will be affirmed.